Robert D. Beall Leavenworth City Attorney 117 Cherokee Leavenworth, Kansas 66048
Dear Mr. Beall:
As the Leavenworth city attorney, you request our opinion as to what accessible features a miniature golf course must provide to comply with the Kansas architectural accessibility standards act, K.S.A. 1992 Supp.58-1301 et seq.
K.S.A. 1992 Supp. 58-1301(a) in pertinent part states:
 "Except as provided in K.S.A. 58-1307, and amendments thereto, all public buildings and facilities in this state, and additions thereto, and all governmental buildings and facilities in this state, and additions thereto, shall conform to the following federal regulations: Nondiscrimination in state and local government services, 28 C.F.R. Part 35, and nondiscrimination on the basis of disability by public accommodations and commercial facilities, 28 C.F.R. Part 36, as required by the Americans With Disabilities Act of 1990, 42 U.S.C.A 12101 et seq., enacted on July 26, 1990. Such standards may be modified by rules and regulations adopted by the secretary of administration in accordance with the provisions of K.S.A. 77-415 et seq., and amendments thereto. Any public building or facility or any governmental building or facility, or any addition to any such building or facility, to which the provisions of this section were applicable prior to January 26, 1992, shall be governed by the provisions of this section which were in effect on the date of contract for the construction or renovation of such public building or facility or such governmental building or facility, or addition thereto, was entered into."
Furthermore, K.S.A. 1992 Supp. 58-1303 establishes that the legislative intent of these statutes is to:
 "prohibit discrimination on the basis of disability by public entities and public accommodations. All buildings and facilities covered by this act are to be designed, constructed and altered to be readily accessible to and usable by persons with a disability."
The Kansas architectural accessibility standards act applies to:
 "(A) Any building, structure, recreational area, street, curbing or sidewalk, and access thereto, which is used by the public, or in which persons with a disability may be employed, and which is constructed, purchased, leased or rented by the use of private funds; or
 "(B) any entrance to or accommodation in any building, structure, or area described in paragraph (1) of this subsection which is available for use by the public or employees, including bathrooms, toilet stalls, dining areas, drinking fountains, phone booths and lodging rooms or quarters." K.S.A. 1992 Supp. 58-1301a(c). (Emphasis added).
Therefore, the construction standards of a miniature golf course would be subject to the Americans with disabilities act (ADA), 42 U.S.C. § 12,101 et seq. and 28 C.F.R. Part 36. The Kansas statutes only cite the regulations and not the ADA itself; however, since the regulations are explanations of the ADA we must look at both authorities to decide this opinion. To be in compliance, the parking lot would need to have the appropriate number of parking stalls designated as handicapped accessible, access aisles, proper signage, and a curb cut. The clubhouse would need to be designed and constructed so that it is accessible (i.e. entry, bathrooms, seating area, drinking fountain, alarm systems, etc.). It should be noted that this list of items should not be interpreted as all inclusive and that the owner and/or architect have the responsibility of determining what is necessary to ensure compliance with the ADA.
Next, we address the issue of the actual miniature golf course. The ADA defines a public accommodation as a private entity whose operations affect commerce, such as "a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation."42 U.S.C. § 12181(7)(L). A public accommodation which is designed and constructed must be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this title." 42 U.S.C. § 12183(A)(1).28 C.F.R. § 36.401(c) explains that the term structurally impracticable means "those rare circumstances when the unique characteristics of the terrain prevent the incorporation of accessibility features." The commentary that corresponds with this section states that "this exception to accessibility requirements should not be applied to situations in which a facility is located in `hilly' terrain or on a plot of land upon which there are steep grades." Fed.Reg., Vol. 56, No. 144, p. 35577 ( 7-26-91).
Therefore, it is our opinion that since the "clubhouse" and the miniature golf course are new construction, the total facility needs to be built pursuant to the new construction guidelines as set out in28 C.F.R. Part 36.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General